# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2656-24

O.H.,[1]

    Plaintiff-Appellant,

v.

T.E.H.,

    Defendant-Respondent.

_____

> Submitted January 13, 2026 – Decided March 19, 2026
>
> Before Judges Rose and Torregrossa-O'Connor.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-0556-25.
>
> Einhorn, Barbarito, Frost, Botwinick, Nunn & Musmanno, PC, attorneys for appellant (Matheu D. Nunn and Jessie M. Mills, on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the parties' privacy. R. 1:38-3(d)(12).

Plaintiff O.H. appeals from the January 1, 2025 Family Part order denying his request for counsel fees following a hearing in which he prevailed in securing a final restraining order (FRO) against defendant T.E.H. under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. See N.J.S.A. 2C:25-29(b)(4). Simultaneously with the filing of this opinion, we are filing our related opinion in A-1475-24, vacating the FRO and remanding for a new hearing. Because the challenged fee determination in the present matter flowed from the FRO we now vacate, plaintiff's application for counsel fees is rendered moot. "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2656-24